IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNE THEUNE                          *

      Plaintiff           *

      vs.                 *    CIVIL ACTION NO. MJG-13-1015

U.S. BANK, N.A. AS TRUSTEE           *
FOR J.P. MORGAN ALTERNATIVE
LOAN TRUST 2007-S1, et al.           *

      Defendants          *

\*     \*     \*     \*     \*     \*     \*     \*     \*

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

The Court has before it Defendant U.S. Bank, N.A., a/k/a U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1's Motion to Dismiss or, in the Alternative, for Declaration that Title to the Property Is Vested in the Foreclosure Purchaser [Document 22] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I. <u>BACKGROUND</u>[1]

Three people, Plaintiff Anne Theune ("Plaintiff"), her husband Peter Theune, and Paul Sweatman ("Sweatman") became joint tenants on a Deed for the property located at 302 Goldenrod Drive, Pasadena, Maryland 21122 ("the Property"). In

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by the Defendant.

2006, Sweatman – without the knowledge of Plaintiff or her husband – signed two loan notes and two corresponding deeds of trust that purported to use the property as security for the debts ("DOT 1" and "DOT 2"). However, DOT 1 and DOT 2 contained the forged signatures of Plaintiff and her husband.[2]

In November 2007, the substitute trustees on DOT 1 initiated state foreclosure proceedings against the Property in the Circuit Court for Anne Arundel County, Maryland. In June 2010, Peter Theune passed away. On October 7, 2010, the substitute trustees conducted a foreclosure sale and sold the Property to Defendant U.S. Bank, N.A. a/k/a U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1 ("USB").[3] As reflected in the state foreclosure docket attached to both parties' briefs, the state court issued a final order ratifying the foreclosure sale on February 1, 2011 ("Ratification Order").

On November 13, 2012, Plaintiff filed the instant Complaint for Quiet Title and Declaratory Judgment [Document 2] in the Circuit Court for Anne Arundel County, Maryland against USB, MD

---

[2] While not material, the Complaint contains no specific allegations as to the identity of the forger.
[3] The Complaint makes reference to an action filed by the Plaintiff against the DOT 1 substitute trustees in state court in October 2010 related to the forged signatures. As alleged in the Complaint, the state court ultimately dismissed that case without prejudice. That state suit appears immaterial to the instant dismissal motion.

TL, LLC ("MDTL"),[4] and "[a]ll persons unknown, claiming any legal or equitable right, title estate, lien or interest in the [P]roperty." Compl. at 1. On April 5, 2013, USB removed the action to this Court on the basis of diversity jurisdiction. In the Complaint, Plaintiff seeks a judicial declaration that her signature and her husband's signature were forged on DOT 1 and DOT 2, rendering such instruments invalid as to Plaintiff and her husband, and that title to the Property is vested in Plaintiff and USB as joint tenants.

By the instant motion, USB seeks dismissal of all claims against it or, alternatively, a declaratory judgment that the foreclosure sale conveyed fee simple title in the Property to USB as the foreclosure purchaser. USB seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)[5] and relies upon the affirmative defense of res judicata and/or collateral estoppel.

II. DISCUSSION

As reflected in the state foreclosure docket and the various documents filed and issued therein, Plaintiff actively participated in the state foreclosure proceeding against the

---

[4] MDTL purchased a tax certificate at a tax sale based on delinquent taxes due on the Property. Prior to removal to federal court, the state court dismissed all claims against MDTL [Document 17].

[5] All "Rule" references herein are to the Federal Rules of Civil Procedure.

Property ("Foreclosure Proceeding") and, on several occasions, sought to preliminarily and/or permanently enjoin the foreclosure sale based upon, <u>inter</u> <u>alia</u>, the alleged forgery of Plaintiff's and her husband's signatures on DOT 1.[6] The first of such complaints for injunctive relief was initially granted, but later dissolved through a consent order entered by the state court on November 12, 2008 ("Consent Order"). The preliminary injunctive relief requested in the second complaint was set aside on October 28, 2009. A third complaint for injunctive relief was denied outright by the state court in a one-sentence order on March 26, 2010. The foreclosure sale took place on October 7, 2010, and the Circuit Court for Anne Arundel County issued the Ratification Order on February 1, 2011. Plaintiff has not appealed or otherwise moved to set aside the Ratification Order.

Based upon Plaintiff's participation in the Foreclosure Proceeding and upon the Ratification Order, USB asserts the forgery-related claims in the Complaint are barred by <u>res judicata</u> and/or collateral estoppel. According to USB, Plaintiff did, and/or should have, raised her forgery claims in the Foreclosure Proceeding, and thus should not be permitted to

---

[6] The parties agree that the foreclosure of DOT 1 extinguished DOT 2, so that Plaintiff's forgery claims as to DOT 2 are moot.

4

re-litigate rights to title over the Property, an issue finally resolved in the Foreclosure Proceeding.

   A.   Res Judicata and Collateral Estoppel

   Under Maryland law,[7] "[t]he doctrine of res judicata provides that a judgment on the merits in a previous suit between the same parties or their privies precludes a second suit predicated upon the same cause of action." Seminary Galleria, LLC v. Dulaney Valley Improvement Ass'n, Inc., 995 A.2d 1068, 1077 (Md. Ct. Spec. App. 2010) (internal quotation marks omitted).

> [T]he elements of res judicata, or claim preclusion, are:
>
> (1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute;
>
> (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and
>
> (3) that there has been a final judgment on the merits.

Anne Arundel Cnty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005) (emphasis added). Under Maryland law, "whether claims are the same is to be determined by the 'transaction

---

[7]   Maryland law is controlling because the Court's jurisdiction is based on diversity of citizenship. See Graves v. Associated Transp., Inc., 344 F.2d 894, 896 (4th Cir. 1965).

5

test.'" Boyd v. Bowen, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002).

> Because [under the transaction test] a "claim" encompasses all rights the plaintiff has to remedies against the defendant respecting all or any part of the transaction or series of connected transactions out of which the claim arises, the doctrine of res judicata bars subsequent litigation not only of what was decided in the original litigation of the claim but also of what could have been decided in that original litigation.

Id. at 326

Distinct from res judicata is the doctrine of collateral estoppel, or issue preclusion. "Under the doctrine, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" Cosby v. Dep't of Human Res., 42 A.3d 596, 602 (Md. 2012) (quoting Murray Int'l Freight Corp. v. Graham, 555 A.2d 502, 504 (Md. 1989)). Thus, a party seeking to establish collateral estoppel, or issue preclusion, must satisfy the following four elements:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

6

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

Colandrea v. Wilde Lake Cmty. Ass'n, Inc., 761 A.2d 899, 909 (Md. 2000).

Maryland courts have stated that "the law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is res judicata as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." Ed Jacobsen, Jr., Inc. v. Barrick, 250 A.2d 646, 648 (Md. 1969) (emphasis added) (internal quotation marks omitted); Manigan v. Burson, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004).

B. Plaintiff's Extrinsic Fraud Position

In her Memorandum in Support of Opposition to Defendant USB's Motion to Dismiss [Document 26-1], Plaintiff appears to concede that ordinarily the claims in the Complaint would be barred by res judicata and/or collateral estoppel as a consequence of her participation in the Foreclosure Proceeding and the Ratification Order. However, she contends that her claims are not subject to dismissal because the Foreclosure

7

Proceeding – including the Ratification Order – was tainted by extrinsic fraud.

In an affidavit attached to her Opposition [Document 26-3], Plaintiff represents that her former lawyer entered into the Consent Order dissolving the initial preliminary injunction without her permission.[8]  Based upon this alleged extrinsic fraud, Plaintiff argues, inter alia, that the Ratification Order cannot be considered a final judgment on the merits, and thus is incapable of having any res judicata or collateral estoppel effect on the instant action.  Plaintiff did not plead the facts underlying her extrinsic fraud position in the Complaint.

In its Reply [Document 28], USB raises no objection to the Court's consideration of Plaintiff's affidavit in regard to the instant motion.  However, USB contends that the fraud complained of is irrelevant because the Consent Order did not prevent Plaintiff from subsequently contesting the validity of the allegedly forged signatures in the Foreclosure Proceeding and because Plaintiff failed to pursue other means of challenging

---

[8] On the date of issuance of this Order, the Court has received a letter from Plaintiff's counsel dated October 31, 2013 that includes an affidavit of Plaintiff's former counsel stating that his signature on the Consent Order was also forged. Inasmuch as the instant motion is denied on procedural grounds, the aforesaid affidavit, even if considered with regard to the instant motion, would not change the Court's decision.

8

the validity of those signatures in the course of the Foreclosure Proceeding.[9]

C. Resolution of Affirmative Defenses on a 12(b)(6) Motion

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted).

The burden of establishing an affirmative defense such as res judicata or collateral estoppel rests on the defendant. Consequently, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), . . . generally cannot reach the merits of an affirmative defense[, except] in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). In other words, "[i]n

---

[9] Because the extrinsic fraud defense was asserted in Plaintiff's Opposition, Plaintiff has not had the opportunity to address USB's argument that any fraud surrounding the Consent Order is immaterial in light of Plaintiff's subsequent actions/inactions during the Foreclosure Proceeding.

9

the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint" and the documents proper for consideration therewith. Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). As to consideration of materials extraneous to the complaint, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (emphasis added). However, a court generally cannot consider the substance of an affidavit submitted in connection with a 12(b)(6) motion without converting the motion into one for summary judgment. Cf. Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991) (considering affidavits submitted by Defendants in support of their motion to dismiss and noting that "[h]ad the district court accepted and considered the affidavits relevant to the 12(b)(6) motion, the motion to dismiss for failure to state a claim would have been converted to a motion for summary judgment").

When a defendant requests resolution of an affirmative defense on a Rule 12(b)(6) motion, factual allegations in the complaint related to the viability of the affirmative defense or

an exception thereto become pertinent for consideration.[10]
However, a Plaintiff is not required to plead in a complaint facts that avoid or rebut an affirmative defense. See Goodman, 494 F.3d at 466 (explaining that a plaintiff is not required "to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised");[11] Bausch v. Stryker Corp., 630 F.3d 546, 561 (7th Cir. 2010) ("[P]leadings need not anticipate or attempt to circumvent affirmative defenses.").

An affirmative defense must be pleaded and proven by the defendant in responding to a pleading. See Fed. R. Civ. P. 8(c). Thus, a plaintiff generally need not plead an exception

---

[10] For example, if a defendant moves for dismissal of a complaint on grounds of laches, the motion would be properly denied if the factual allegations in the complaint do not clearly indicate the claim was brought with unreasonable delay. See Powell v. Bank of Am., N.A., 842 F. Supp. 2d 966, 979 (S.D. W. Va. 2012).

[11] However, the Fourth Circuit noted in Goodman v. Praxair that "perhaps, in the unusual case," a plaintiff might be required to plead such matters affirmatively in the complaint "where a claim is filed clearly beyond the applicable limitations period and the plaintiff seeks to forestall its dismissal by alleging the facts of discovery." 494 F.3d 458, 466 (4th Cir. 2007). Here, there is certainly an argument that absent the extrinsic fraud claim, Plaintiff's claims are "clearly" barred by res judicata and/or collateral estoppel. Even if that were the case, the Court would invite Plaintiff to file a motion to amend the Complaint, which USB would presumably oppose on futility grounds, and the Court would then be required to resolve the affirmative defense in that procedural context. Instead, as discussed herein, under the circumstances the Court concludes the proper route is to direct USB to file a summary judgment motion and then to resolve USB's affirmative defense under Rule 56.

to an affirmative defense in the complaint.  See Com. of Va. by Rosenthal v. Meadow Gold Dairies, Inc., No. 93-276-R, 1993 WL 476633, at *2 (W.D. Va. Aug. 19, 1993) (concluding that Rule 9(b) did not require Plaintiffs to plead the facts of their fraudulent concealment position in the complaint when Defendants raised affirmative defense based on statute of limitations).  Of course, "[a]lthough a complaint is not required to rebut potential affirmative defenses, where the complaint itself sets forth facts that would support such a defense, a court may consider them in determining whether a meritorious claim has been presented."  In re Allen, No. 10-20094-SSM, 2011 WL 2261295, at *1 (Bankr. E.D. Va. June 6, 2011).

USB may well be entitled to summary judgment on its affirmative defenses of res judicata and/or collateral estoppel.  However, on procedural grounds USB is not entitled to dismissal pursuant to Rule 12(b)(6).  See Richmond, 4 F.3d at 250 ("Because neither of the asserted defenses [of res judicata or collateral estoppel] appears on the face of the complaint, it is inappropriate to address them in the current posture of the case.  These defenses are more properly reserved for consideration on a motion for summary judgment.").

Therefore, the Court will not convert the instant motion to one for summary judgment and provide for further submissions.[12] Rather, the Court finds it most efficient to deny dismissal and allow USB to file a Motion for Summary Judgment.[13]

IV. CONCLUSION

For the foregoing reasons:

1. Defendant U.S. Bank, N.A., a/k/a U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1's Motion to Dismiss or, in the Alternative, for Declaration that Title to the Property Is Vested in the Foreclosure Purchaser [Document 22] is DENIED.

2. This action is without prejudice as to the right of Defendant U.S. Bank, N.A., a/k/a U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1 to file a Motion

---

[12] Because Plaintiff submitted materials extraneous to the Complaint and improper for consideration on a 12(b)(6) motion, the Court could consider these materials and thereby convert the instant motion into one for summary judgment. See Fed. R. Civ. P. 12(d). However, such action would only be proper if the parties are "on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment" and are "afforded a reasonable opportunity for discovery." Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985) (internal quotation marks omitted); see also Fed. R. Civ. P. 12(d).

[13] In the alternative to its dismissal contention, USB states that "if the Court determines that dismissal of the Complaint is not appropriate because the Plaintiff has requested declaratory relief, U.S. Bank is requesting a declaration that title in the Property is vested in U.S. Bank, as the foreclosure purchaser." [Document 22-1] at 2. Because the Court has determined dismissal is improper on procedural grounds, the basis of the declaratory judgment request is improper. However, USB may assert this request in the summary judgment motion.

for Summary Judgment on any affirmative defense presented in its Answer.

3. By December 2, 2013, said Defendant shall either file a Motion for Summary Judgment on an affirmative defense presented in its Answer or arrange a telephone conference call to discuss the scheduling of further proceedings.

SO ORDERED, on Friday, November 1, 2013.

/s/
Marvin J. Garbis
United States District Judge